IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE WILLIAMS,

    Plaintiff,                      No. 2:12-cv-1180 GGH P

    vs.

SOLANO COUNTY JAIL,

    Defendants.                 <u>ORDER</u>

        Plaintiff, evidently a Solano County Jail pre-trial detainee, is proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff, pursuant to an order filed on May 24, 2012, submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) on June 5, 2012. Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

1  S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content
2  that allows the court to draw the reasonable inference that the defendant is liable for the
3  misconduct alleged." Id.
4      In reviewing a complaint under this standard, the court must accept as true the
5  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
6  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
7  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
8  1843 (1969).
9      Plaintiff alleges that he was arrested, on or about August 8, 2011, booked into
10 Solano County Jail, placed in a dorm with a mattress and blanket and, due to overcrowding, "was
11 made to sleep on the floor with all kind of dirt and dust." Plaintiff alleges he had to sleep this
12 way for two days before a bed and cell were available. Plaintiff would like an apology for the
13 condition of confinement in which he had no say and an unspecified payment. Complaint, p. 3.
14     The court construes plaintiff to be a pretrial detainee. The Fourteenth
15 Amendment, and not the Eighth Amendment, applies to pretrial detainee cases. Bell v. Wolfish,
16 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 (1979). However, pretrial detainees' Fourteenth
17 Amendment rights are analogized to the rights of prisoners under the Eighth Amendment.
18 Redman v. County of San Diego, 942 F.3d 1435, 1441-1445 (9th Cir. 1991) (en banc).
19     "Prison officials have a duty to ensure that prisoners are provided adequate
20 shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217
21 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct.
22 1970 (1994). However, prisons or jails are not required by the constitution to be comfortable.
23 Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981). With regard to prisoners "'only
24 those deprivations denying the minimal civilized measure of life's necessities are sufficiently
25 grave to form the basis of an Eighth Amendment violation.'" Somers v. Thurman, 109 F.3d 614,
26 623 (1997), quoting Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992)(omitting

internal quotations and citations).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. at 837, 114 S. Ct. 1970.

When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation...must be considered in determining whether a constitutional violation has occurred." Johnson, supra, at 731. "'[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.'" Id., quoting Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995). Under the Eighth Amendment, "[c]onditions must not involve the wanton and unnecessary infliction of pain...." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).

On the face of it, plaintiff's being compelled to sleep on a mattress on a dirty, dusty jail floor for two consecutive days does not rise to the level of an Eighth Amendment violation. Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir.1988) (allegation that inmate slept without a mattress for one night insufficient to state a claim under Eighth Amendment and no amendment can remedy the insufficiency), vacated on other grounds sub nom Denton v. Hernandez, 112 S.Ct. 1728 (1992); Muniz v. Hill, 2008 WL 1995457 (D. Or. 2008) (no mattress for thirty days, with instead prisoner being compelled to sleep on a rubber security mat on a dirty floor, did not implicate Eighth Amendment); Guillory v. Tilton, 2011 WL 400847 (E.D. Cal. 2011 *6 (failing to provide prisoner a mattress for three nights does not violate Eighth Amendment); Desroche v. Strain, 507 F. Supp.2d 571 (E.D. La. 2007) (recommending pretrial detainee's allegation that he was compelled to sleep on concrete floor of unsanitary holding tank without a mattress for ten days be dismissed as legally frivolous and for failure to state a claim);

Brown v. Hamblin, 2003 WL 23274543 *2 (W.D. Wis. 2003) (jail inmate's claim regarding being forced to sleep on a mattress on a dirty jail floor for 28 days and later for an additional 8 days dismissed as legally frivolous); see also, Davis v. Scott, 157 F.3d 1003, 1004 (5th Cir.1998) (being kept for three days in a cell with blood on walls and excrement on floors did not meet objective component of Eighth Amendment); Holloway v. Gunnell, 685 F.2d 150 (5th Cir.1985) (no claim stated where prisoner was forced to spend two days in hot, dirty cell with no water); Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir.1994) (intolerable conditions lasting twenty-four hours did not constitute Eighth Amendment violation); Schaeffer v. Schamp, No. 06–1516, 2008 WL 2553474, at *6 (W.D. Pa. June 25, 2008) (being placed in cell for ten days without mattress, soap, toilet paper, running water, legal supplies, prescription medication, and food except for one meal a day insufficient to state Eighth Amendment claim); Wilson v. Schomig, 863 F.Supp. 789, 794–95 (N.D. Ill.1994) (without physical harm shown, fact that inmate slept on urine and feces-stained mattress in dirty, roach-infested, leaky cell did not frame an Eighth Amendment claim).

   Cf Thompson v. City of Los Angeles, 885 F.2d 1439, 1448 (9th Cir. 1989), overruled on other grounds, Bull v. City..of San Francisco, 595 F.3d 964 (9th Cir. 2010) (en banc) (sleeping on floor for two days without *either* a mattress or bed violated the Fourteenth Amendment). Here, however, plaintiff had a mattress.

   Thus, in circumstances more egregious – sometimes far more egregious – than those very briefly described by plaintiff, courts have found no Eighth Amendment claim. The complaint must be dismissed. Although the court cannot discern how he might do so, however, the undersigned will liberally permit plaintiff leave to amend.

   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: July 10, 2012

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
will1180.b