UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE WILLIAMS, | No. 2:12-cv-1180 AC P |
| Plaintiff, | |
| v. | ORDER & |
| SOLANO COUNTY JAIL, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff brought this 42 U.S.C. § 1983 action as a Solano County Jail detainee and is proceeding pro se and in forma pauperis. Pending before the court is defendant Solano County Jail's motion to dismiss under Rule 12(b) for plaintiff's failure to exhaust administrative remedies. ECF No. 16 (filed on December 26, 2012).

First Amended Complaint

Plaintiff, who evidently remains a pretrial detainee, is proceeding against defendant Solano County Jail on a claim of inadequate medical care for a chronic eye condition.[1] Plaintiff alleges that he has been suffering for about a year from a sty in his eye caused by dirt and dust at the jail, which causes continuous reinfection. He alleges that the eye drops he has been given provide only temporary relief, and that he has been told he will have to see a doctor upon release

---

[1] The Fourteenth Amendment, rather than the Eighth Amendment, applies to pretrial detainee cases. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). However, pretrial detainees' Fourteenth Amendment rights are analogized to the rights of prisoners under the Eighth Amendment. Redman v. County of San Diego, 942 F.3d 1435, 1441-1445 (9th Cir. 1991) (en banc).

1

to have the sty removed.  Plaintiff seeks both injunctive relief and money damages.  ECF No. 8.

Applicable Legal Principles

"The Prison Litigation Reform Act [("PLRA")] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions."  Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases.").  "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting Porter, 534 U.S. at 532); accord Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir.), cert. denied, 549 U.S. 905 (2006).  The PLRA's "exhaustion requirement is mandatory."  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").  Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still first exhaust all available administrative remedies.  See Booth v. Churner, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

While the PLRA requires "proper" exhaustion of available administrative remedies, Woodford v. Ngo, 548 U.S. 81, 93 (2006), it does not define the boundaries of proper exhaustion. See Jones, 549 U.S. at 218.  Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  Woodford, 548 U.S. at 90.  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the

1    boundaries of proper exhaustion." Jones, 549 U.S. at 218; see, e.g., Marella v. Terhune, 568
2    F.3d 1024, 1027 (9th Cir. 2009, as amended June 5, 2009) (per curiam) ("The California prison
3    system's requirements define the boundaries of proper exhaustion.") (internal quotation marks
4    and citation omitted).  Absent a prison grievance procedure mandating the naming of each
5    individual involved, a prisoner need not identify all of the defendants later named in a lawsuit
6    during the administrative grievance process.  Jones, 549 U.S. at 218.

7    The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative
8    defense that a defendant may raise in an unenumerated Rule 12(b) motion.  See Jones, 549 U.S. at
9    213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003).
10   The defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315
11   F.3d at 1119.  Specifically, the defendant must show that some administrative relief remains
12   available to the plaintiff "whether at unexhausted levels of the grievance process or through
13   awaiting the results of the relief already granted as a result of that process."  Brown, 422 F.3d at
14   936-37.  The parties may go outside the pleadings, submitting affidavits or declarations under
15   penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a
16   record.  Wyatt v. Terhune, 315 F.3d at 1120 n.14.  The court provided plaintiff with such fair
17   notice by Order, filed on October 29, 2012.  ECF No. 11.  Defendant provided the requisite
18   contemporaneous Wyatt notice pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).

19   In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the
20   pleadings and decide disputed issues of fact."  Wyatt, 315 F.3d at 1119-20.  When a prisoner has
21   not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim
22   without prejudice."  Id. at 1120.

23   Discussion

24   Defendant presents the declaration of Sergeant M. Cullison, who is the custodian of
25   records of grievances submitted by Solano County Jail inmates and is familiar with the inmate
26   grievance process.  ECF No. 16-3.  The Cullison declaration states that Solano County Jail (SCJ)
27   has a two-tier inmate grievance system.   In order to exhaust administrative remedies an inmate
28   first must give his or her grievance to the floor officer within three days of the incident or

1 circumstance being grieved. The grievance may concern custody or medical treatment or jail
2 policies and procedures as well as any other related matter. The grievance is then directed to the
3 supervisor of the area in question. Grievances regarding medical treatment are referred to the jail
4 medical staff, who respond to the grievance at the first level. If an inmate is dissatisfied with the
5 first level response, he may appeal to the second level, where a grievance is sent to the facility
6 commander or his/her designee for investigation and the preparation of a response. A second
7 level decision exhausts an inmate's administrative remedies. Id. at ¶¶ 1-4.

8 According to the Cullison declaration, and as documented in its supporting exhibits,
9 plaintiff has filed three inmate grievances concerning medical care at SCJ. None of these
10 grievances proceeded to the second level, and none involved a condition related to plaintiff's eye.
11 See ECF No. 16-4, Exhibit A (grievance # 12000067, dated January 12, 2012, regarding injury to
12 plaintiff's finger), Exhibit B (grievance # 12000242, dated February 10, 2012, regarding finger),
13 Exhibit C (grievance # 12000452 dated March 12, 2012, regarding finger). None of these
14 grievances refer to an eye injury or seek medical attention for plaintiff's eye.

15 Plaintiff does not dispute the fact that he failed to file a grievance regarding his eye. In
16 the first of two oppositions to the instant motion, he focuses on his dissatisfaction with
17 defendant's responses to his hand injury and seeks this court's intervention in defendant's
18 allegedly dysfunctional grievance system. ECF No. 19. Because these matters are outside the
19 scope of the motion before the court, plaintiff's arguments and requests regarding his hand and
20 SCJ's grievance process generally will be disregarded.

21 Plaintiff's second opposition also objects in general terms to defendant's handling of his
22 grievances, and complains that SCJ has not responded properly to his needs. He complains about
23 rude treatment by medical staff, repeats the allegations of the complaint regarding denial of care
24 for his eye. ECF No. 20. These arguments are also beside the point.

25 The court construes plaintiff's opposition(s) as contending that administrative remedies
26 are effectively unavailable to him, see Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010),
27 or that exhaustion would be futile, see Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).
28 Plaintiff has not, however, provided any facts to support application of either exception to the

4

exhaustion requirement. His first level grievances regarding his finger demonstrate the availability of the process, at least in the first instance, and plaintiff's ability to access that process. Unavailability requires an attempt to exhaust, which is thwarted by improper administrative action. See Sapp v. Kimbrell, 623 F. 3d 813, 823 (9th Cir. 2010) (exhaustion "effectively unavailable" when grievance improperly rejected on procedural grounds). A prisoner is not excused from exhaustion merely because he believes the process to be defective. Marella v. Terhune, 568 F.3d at 1028 ("[t]he absence of a proper administrative process for a prisoner to appeal from an initial rejection of an appeal does not abrogate the requirement that he comply with a prison's procedural requirements.").[2]

For the reasons stated, defendant has satisfied its burden of demonstrating the absence of exhaustion.

Accordingly, IT IS ORDERED that the Clerk of the Court make a random assignment of a district judge to this case.

IT IS HEREBY RECOMMENDED that defendant's December 26, 2012 motion to dismiss for failure to exhaust administrative remedies (ECF No. 16) be granted and this case be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[2] Defendant also points to plaintiff's lawsuit regarding his finger injury, in which plaintiff represented that SCJ provides a grievance procedure and that he had completed it. The court grants defendant's request for judicial notice of the fourth amended complaint in that case, Case No. 2:12-cv-0246, ECF No. 14 at 2. A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). However, the undersigned need not and does not rely on the inconsistency between plaintiff's statements in the two cases regarding the availability of exhaustion. Plaintiff's failure to submit *any* grievance regarding his eye, and failure to proffer any facts that would support an exception to the exhaustion requirement in this case, provide a more than adequate basis for decision.

1  shall be served and filed within fourteen days after service of the objections.  The parties are
2  advised that failure to file objections within the specified time may waive the right to appeal the
3  District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: June 13, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
will1180.mtd